# Exhibit A

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT
## SUMMONS

| | Civil Action File Number<br>PC-2018-5838 |
|---|---|
| **Plaintiff**<br>Matthew Mccarthy<br>v.<br>**Defendant**<br>Rhode Island Public Transit Authority | **Attorney for the Plaintiff or the Plaintiff**<br>Paige A Munro-delotto<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>400 WESTMINSTER STREET<br>STE 200<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, RHODE ISLAND PUBLIC TRANSIT AUTHORITY:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 8/15/2018. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

True Copy Attest

Ashley Waddington
Constable # 151

10/24/18

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| Plaintiff<br>Matthew Mccarthy<br>v.<br>Defendant<br>Rhode Island Public Transit Authority | Civil Action File Number<br>PC-2018-5838 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, RHODE ISLAND PUBLIC TRANSIT AUTHORITY, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case 1:18-cv-00618-JJM-LDA   Document 1-1   Filed 11/12/18   Page 4 of 20 PageID #: 8

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: Oct / 24 / 2018       SERVICE FEE $45.00
             Month  Day  Year
                                    Ashley Waddington
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE   Constable #151
                                    P.O. Box 284
_[signature: Ashley Waddington]_    East Greenwich, RI 02818

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

I in Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
lope: 1670293
ewer: Lynn G.

### STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| **PROVIDENCE, SC.** | **SUPERIOR COURT** |

| | |
|---|---|
| MATTHEW MCCARTHY,<br>*Plaintiff*<br><br>v.<br><br>RHODE ISLAND PUBLIC TRANSIT AUTHORITY; WILLIAM SMITH III, *alias* "Supervisor #15"; Mr. J *alias*, and JOHN DOE EMPLOYEES,<br>*Defendants* | C.A. No.: |

### COMPLAINT

NOW COMES Plaintiff Matthew McCarthy ("Plaintiff" or "Mr. McCarthy") and brings this action against Defendants Rhode Island Public Transit Authority ("RIPTA") and William Smith III ("Defendant Smith" or "Supervisor #15") and other RIPTA employees to remedy and seek relief for Defendants' tortious conduct and unlawful acts of discrimination on the basis of Plaintiff's disability.

### PARTIES

1. Plaintiff Matthew McCarthy is a resident of the State of Rhode Island.

2. Defendant RIPTA is a quasi-state agency and has the capacity to sue and be sued in its own name, pursuant to R.I. Gen. Laws § 39-18-4(a)(4).

3. Upon information and belief, Defendant William Smith III, alias "Supervisor #15", is a citizen of the State of Rhode Island and an employee of Defendant RIPTA.

4. Upon information and belief, John Doe Employees, alias including but not exclusive to "Mr. J" ("Defendant J"), are citizens of the State of Rhode Island and employees of Defendant RIPTA.

1

 in Providence/Bristol County Superior Court
mitted: 8/15/2018 1:51 PM
elope: 1670293
iewer: Lynn G.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to R.I. Gen. Laws § 8-2-14, as the amount in controversy exceeds $5,000.00.

6. Venue is proper in accordance with R.I. Gen. Laws § 9-4-3.

## FACTUAL ALLEGATIONS

7. Mr. McCarthy suffers from optic nerve damage and is fully blind in his left eye, as well as debilitating equilibrium issues due to his partial blindness.

8. Mr. McCarthy's partial blindness makes it extremely difficult and dangerous for him to navigate and traverse areas without assistance, and his equilibrium issues further compound his visual impairments by affecting his balance.

9. Accordingly, Mr. McCarthy requires the aid of a service dog to help him walk, navigate, and have access to public facilities utilized by the rest of the public..

10. Mr. McCarthy's service dog is an American Staffordshire Terrier named BayBay.

11. The tasks performed by BayBay are directly related to Mr. McCarthy's disability.

12. In particular, BayBay aids Mr. McCarthy by performing tasks such as helping him navigate paths, sidewalks, ascend or descend stairs and inclines, and avoid obstacles.

13. BayBay is also trained to help Mr. McCarthy get up in the event Mr. McCarthy falls.

14. Because of his disability Mr. McCarthy relies on public transportation for travel.

15. Defendant RIPTA is the sole operator of public transportation in Rhode Island and provides bussing services throughout the state.

In Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
Jope: 1670293
ewer: Lynn G.

16. Defendant RIPTA, in accordance with state and federal transit laws, offers a "no fare bus pass" program that provides free travel to low-income persons and disabled individuals.[1]

17. Defendant RIPTA issued a disability bus pass to Mr. McCarthy on or about June 24, 2014.

18. On or about May 7, 2015, Defendant RIPTA obtained a "no trespass order" from the Providence Police.

19. The no trespass order was issued after an altercation precipitated by Defendant RIPTA's employees.

20. In this altercation, several RIPTA employees refused to permit Mr. McCarthy to ride the bus with BayBay after disputing that BayBay was a service animal, demanding evidence that BayBay was a service animal in violation of the ADA, and claiming that Mr. McCarthy was not in control of BayBay.

21. On or about August 26, 2016, RIPTA bus driver, Eric St. Pierre ("Mr. St. Pierre" or "Driver #5438") refused to permit Mr. McCarthy and BayBay to board the bus after observing BayBay sitting next to Mr. McCarthy at the bus stop.

22. After Mr. McCarthy explained that BayBay was his service animal, Mr. St. Pierre contacted RIPTA Defendant Smith who instructed Mr. St. Pierre to prohibit Mr. McCarthy and BayBay from getting on the bus; however, another supervisor told Mr. St. Pierre that Mr. McCarthy could ride the bus.

23. Mr. St. Pierre eventually let Mr. McCarthy on the bus, but continuously argued with and harassed Mr. McCarthy the entire trip and told other passengers that BayBay was not a service animal.

---

[1] As a condition to receiving federal funding from the Federal Transit Administration ("FTA"), RIPTA is required to permit senior citizens, disabled individuals, and Medicare recipients to ride at a reduced fare during certain hours and times. See 49 U.S.C. § 5307(c). Additionally, the transit authority receiving the grant must also specifically agree to ensure that it complies with the ADA in administering the program.

3

24. Because of the continued harassment on the bus, Mr. McCarthy began filming his experience with a cell phone.[2]

25. After harassing Mr. McCarthy for most of the trip, Mr. St. Pierre pulled over to a construction site and told Mr. McCarthy and BayBay to get off the bus and threatened to have a nearby Providence Police officer remove Mr. McCarthy and take BayBay away.

26. Mr. St. Pierre contacted Defendant Smith who arrived on scene shortly thereafter.

27. Defendant Smith began yelling at Mr. McCarthy, threatened to take away Mr. McCarthy's bus pass, and demanded Mr. McCarthy and BayBay get off the bus.

28. On or about August 27, 2016, Mr. McCarthy went to RIPTA's offices to file a complaint against Defendant Smith.

29. On or about August 28, 2016, Mr. St. Pierre refused again to let Mr. McCarthy and BayBay ride the bus, claiming again that BayBay was not a service animal.

30. Later that day, Defendant RIPTA's Lead Street Supervisor, Richard Sullivan called Mr. McCarthy and told Mr. McCarthy that he was no longer allowed to bring BayBay on RIPTA.

31. On or about August 29, 2016 Mr. McCarthy and BayBay went to Defendant RIPTA's offices to file another complaint against Defendant Smith, where Mr. McCarthy waited several hours.

32. Mr. McCarthy began filming his experience with his cell phone.[3]

33. While Mr. McCarthy was attempting to get the attention of a RIPTA employee, Defendant Smith confronted Mr. McCarthy.

34. Defendant Smith quickly approached Mr. McCarthy through a doorway and took an aggressive stance towards Mr. McCarthy.

---

[2] The August 26, 2016 video is available at: https://www.youtube.com/watch?v=LV5-Aoep00U&t=
[3] The August 29, 2016 video is available at: https://www.youtube.com/watch?v=pVYMolGV9vE

4

In Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
lope: 1670293
ewer: Lynn G.

35. When Mr. McCarthy aimed the camera towards the aggressor, Defendant Smith threatened Mr. McCarthy, shouting "[if you] put that camera on me I'll break it!" and forcing Mr. McCarthy's back against a wall, cornering Mr. McCarthy.

36. When Mr. McCarthy did not put his cell phone away, Defendant Smith grew enraged and used his hand to strike Mr. McCarthy several times in the face in an attempt to get Mr. McCarthy to stop recording.

37. Mr. McCarthy experienced physical injuries due to the striking of him by Defendant Smith.

38. After striking Mr. McCarthy in the face, Defendant Smith continued to threaten and intimidate Mr. McCarthy by poking at Mr. McCarthy several times with his finger while Mr. McCarthy exclaimed "don't touch me!" and "get away from me!"

39. Another RIPTA employee then ordered Mr. McCarthy to vacate the premises, contacted Providence Police, and obtained another no trespass order against Mr. McCarthy.

40. The following day, on or about August 31, 2016, Mr. McCarthy obtained a temporary restraining order against James Pereira ("Mr. Pereira"), who Mr. McCarthy, based on incorrect information provided by RIPTA, believed at the time to be Supervisor #15.

41. On or about September 8, 2016, Mr. McCarthy obtained a formal restraining order against Mr. Pereira, which was vacated on or about September 27, 2016.

42. On or about November 1, 2016 Mr. McCarthy filed his first Charge of Discrimination against RIPTA (RICHR # 17 RPD 137-36/06) with the Rhode Island Commission for Human Rights ("RICHR").

43. While the case was being investigated by RICHR, RIPTA continued to harass and discriminate against Mr. McCarthy throughout the next year and at some point, revoked Mr.

in Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
ɔlope: 1670293
ewer: Lynn G.

McCarthy's disability bus pass in retaliation for Mr. McCarthy's claims of disability discrimination.

44. Mr. McCarthy still does not have his disability pass back in his possession.

45. On September 7, 2017, RICHR sent RIPTA a letter detailing the information gathered in the investigation and notifying RIPTA that the RICHR investigator assigned to the case would be recommending to the Commissioner that the information gathered during the investigation substantiated probable cause for Mr. McCarthy's claims of disability discrimination.

46. On or about October 17, 2017 while Mr. McCarthy was riding the bus, the bus driver told Mr. McCarthy that she had been instructed by her supervisor, presumably Defendant Smith, that Mr. McCarthy was not allowed to ride the bus.[4]

47. However, the bus driver refused to let Mr. McCarthy off the bus, and instead drove him to Kennedy Plaza, RIPTA's main bus terminal, to speak with her supervisor.

48. Once there, a RIPTA supervisor and a security guard boarded the bus and accused Mr. McCarthy of trespassing because he was not allowed to be at Kennedy Plaza.

49. This charge was made against Mr. McCarthy despite the fact that Mr. McCarthy was taken there against his will by another RIPTA employee.

50. The supervisor also told Mr. McCarthy that he would have to purchase a new bus pass because his disability bus pass had been revoked by RIPTA.

51. The following day, on or about October 18, 2017, Mr. McCarthy arrived at Kennedy Plaza to purchase a new bus pass, since RIPTA revoked his disability bus pass.

---

[4] The October 17, 2017 video is available at: https://www.youtube.com/watch?v=L7DGDY4Ahg4

6

d in Providence/Bristol County Superior Court
mitted: 8/15/2018 1:51 PM
elope: 1670293
iewer: Lynn G.

52. RIPTA refused to allow Mr. McCarthy to purchase a new bus pass and a RIPTA supervisor told Mr. McCarthy that he was trespassing because he was not allowed in Kennedy Plaza, and contacted security who escorted Mr. McCarthy towards a police officer.

53. When Mr. McCarthy told the officer that he and his service dog were being denied access to the bus, the security guard responded that because BayBay did not have a "service dog vest" she was not a service dog and Mr. McCarthy could not have her accompany him inside.

54. Mr. McCarthy filed a second charge of discrimination with RICHR against RIPTA because of RIPTA's continued harassment, retaliation, and discrimination against him.

55. Mr. McCarthy filed the second charge of discrimination against RIPTA with RICHR on or about January 18, 2018, detailing the additional and continued discrimination and retaliation RIPTA had engaged in against Mr. McCarthy (RICHR #18 RPD 181-06/06).

56. In response to the January 18, 2018 charge of discrimination, Defendants continued to harass and discriminate against Mr. McCarthy.

57. In response to the January 18, 2018 charge of discrimination, RIPTA employees physically assaulted him again.

58. Specifically, on or about February 13, 2018, Mr. McCarthy was assaulted again by a RIPTA bus driver, Defendant J.[5]

59. This second assault and battery occurred after Mr. McCarthy began recording the incident on his cell phone when Defendant John Doe (aka Mr. J) tried to remove Mr. McCarthy and his service dog off the R-Line bus in Pawtucket, RI (bus #1306, R.I. registration 1429).

60. When Mr. McCarthy began recording, Defendant Mr. J leapt at Mr. McCarthy, grappled with him and attempted to wrench Mr. McCarthy's phone from his hands.

---

[5] The February 13, 2018 video is available at: https://www.youtube.com/watch?v=Hyvwil6tCY0.

7

Case 1:18-cv-00618-JJM-LDA Document 1-1 Filed 11/12/18 Page 12 of 20 PageID #: 16

I In Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
elope: 1670293
ewer: Lynn G.

61. Defendant Mr. J also punched Mr. McCarthy in the face when he would not release the phone.

62. The assault was reported to Providence Police following the altercation.

63. Mr. McCarthy received a right to sue from the Commission for the state law claims on May 23, 2018 and timely filed this complaint.

64. Exhaustion on the federal claims is not required.

65. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered physical injury, he suffered and will continue to suffer financial loss, he suffered and will continue to suffer emotional distress and mental anguish resulting in physical injury, suffered and will continue to suffer loss of standing in the community, humiliation, and other damages. All damages continue to date.

## COUNT I – DECLARATORY RELIEF

66. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

67. An individual has a "disability" under federal and state law if the person has "a physical or mental impairment that substantially limits one or more major life activities" and has "a record of such an impairment" or is "regarded as having such an impairment. 42 U.S.C. § 12102(1); R.I. Gen. Laws § 42-87-1(1).

68. Mr. McCarthy's partial blindness substantially limits at least one major life activity, such as seeing, walking, and reading.

69. Mr. McCarthy's partial blindness has been documented by a physician.

70. Mr. McCarthy has otherwise been regarded as being partially blind and/or visually impaired.

71. Thus, Mr. McCarthy is a disabled individual under the ADA and Rhode Island law.

8

in Providence/Bristol County Superior Court
iitted: 8/15/2018 1:51 PM .
ope: 1670293
wer: Lynn G.

72. Because Mr. McCarthy is disabled individual, he is therefore entitled to the rights and protections of federal and state law that provide for the reasonable accommodation of disabled persons and prohibit discrimination on the basis of disability.

73. An animal is a "service animal" under federal and state law if the animal is "individually trained to do work or perform work for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability" and "examples of work or tasks include ... assisting individuals who are blind or have low vision with navigation and other tasks...." 28 C.F.R. § 35.104.

74. Mr. McCarthy's partial blindness and/or visual impairment necessitates the assistance of a service dog.

75. Mr. McCarthy's service dog, BayBay is individually trained to perform specific tasks for Mr. McCarthy, such as assisting Mr. McCarthy navigate the area around him since his vision is extremely impaired, as well as helping Mr. McCarthy to his feet in the event he falls due to his equilibrium issues.

76. Mr. McCarthy employs the use of a lead[6] to both serve as a tether and also to serve as a guide, so Mr. McCarthy can sense where to walk and when obstacles are present.

77. Mr. McCarthy maintains control over BayBay through the lead as well as through audible commands.

78. BayBay is housebroken.

79. Thus, BayBay is a service animal under the ADA and Rhode Island law.

80. Because BayBay is a service animal, Mr. McCarthy is entitled to have BayBay accompany him in virtually all public places.

---

[6] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog.

9

in Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
ilope: 1670293
ewer: Lynn G.

81. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

82. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

83. Defendant RIPTA is responsible for the acts and omissions of its employees and agents, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

## COUNT II – INJUNCTIVE RELIEF

84. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

85. Mr. McCarthy has a reasonable likelihood of success on the merits in this action, as the Commission has already found there exists probable cause to believe that Defendants violated Mr. McCarthy's civil rights as a disabled person and discriminated against him based on his disability.

86. Mr. McCarthy has suffered immediate and irreparable harm as a consequence of Defendant RIPTA's decision to revoke Mr. McCarthy's disability bus pass, ban him from RIPTA property to prevent him from filing complaints against RIPTA employees, and otherwise actively inhibit and/or prohibit Mr. McCarthy from using public transportation.

87. Mr. McCarthy has no adequate remedy at law other than injunctive relief to remove the no trespass order.

88. The balancing of equities requires that the requested relief be granted, and that Defendants be enjoined from enforcing the no trespass order against Mr. McCarthy.

89. Plaintiff is otherwise entitled to mandatory injunctive relief.

## COUNT III – DISABILITY DISCRIMINATION
### (DEFENDANT RIPTA)
**Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181,** *et seq.*
**Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1,** *et seq.*;

10

in Providence/Bristol County Superior Court
itted: 8/15/2018 1:51 PM
lope: 1670293
wer: Lynn G.

**Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;**
**Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;**
**Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.***

90. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

91. Defendant RIPTA is a quasi-state agency, governed by the provisions of R.I. Gen. Laws §§ 39-18-1, *et seq.*, and subject to the provisions of the ADA and Rhode Island public accommodation laws.

92. On or about November 1, 2016 Mr. McCarthy filed his first Charge of Discrimination against Defendants (No.: 17 RPD 137-36/06) with RICHR.

93. On or about December 4, 2017, after an investigation, RICHR found probable cause that Defendants violated a number of Rhode Island public accommodation laws.

94. The harassment continued as a continuing violation of Mr. McCarthy's rights under law.

95. Mr. McCarthy filed a second Charge of Discrimination with the Commission against Defendant (RICHR #18 RPD 181-06/06).

96. Defendant RIPTA and its employees and agents knew Mr. McCarthy was a disabled individual who used BayBay as a service animal.

97. Defendant RIPTA was required to make reasonable accommodations for Mr. McCarthy, including but not limited to permitting Mr. McCarthy to ride the bus with his service animal.

98. At all times relevant, Mr. McCarthy maintained control of BayBay, as required by 28 CFR § 35.136, through a combination of vocal commands and the use of a tether.

99. Defendant RIPTA not only failed to make reasonable accommodations, but also actively prohibited Mr. McCarthy and BayBay from using public transportation.

100. Defendant RIPTA and its employees unlawfully harassed Mr. McCarthy because of his disability.

Case 1:18-cv-00618-JJM-LDA Document 1-1 Filed 11/12/18 Page 16 of 20 PageID #: 20

1 in Providence/Bristol County Superior Court
mitted: 8/15/2018 1:51 PM
elope: 1670293
iewer: Lynn G.

101. Defendant RIPTA and its employees unlawfully assaulted and battered Mr. McCarthy because of his disability.

102. Defendant RIPTA and its employees subjected Mr. McCarthy to repeated harassment and retaliation, including but not limited to: denying Mr. McCarthy access to ride the bus with his service animal; disputing BayBay's qualification as a service animal; demanding paperwork and proof that BayBay was "certified" to be a service animal; revoking Mr. McCarthy's bus pass, his only means of transportation; and permitting Mr. McCarthy to be assaulted on two separate occasions by RIPTA employees while on RIPTA property.

103. Defendant RIPTA unlawfully revoked Mr. McCarthy's disability bus pass and has actively prohibited Mr. McCarthy from visiting RIPTA's offices to obtain a new bus pass.

104. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

105. Because the conduct of Defendant RIPTA and its employees and agents was intentional, willful, and/or wanton, punitive or exemplary damages are warranted.

106. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

107. Defendant RIPTA is responsible for the acts and omissions of its employees and agents, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

### COUNT IV
### ASSAULT AND BATTERY
### (Defendant RIPTA and Defendant Smith)

108. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

109. Defendant Smith assaulted and battered Mr. McCarthy in the course of his employment and for the benefit of Defendant RIPTA.

12

In Providence/Bristol County Superior Court
iitted: 8/15/2018 1:51 PM
ope: 1670293
iwer: Lynn G.

110. Defendant RIPTA is vicariously liable for the acts and omissions of its employees and agents under the Doctrine of *Respondeat Superior*.

111. Defendant Smith intentionally and/or willfully placed Mr. McCarthy in reasonable apprehension of imminent harmful or offensive contact when Defendant Smith quickly approached Mr. McCarthy, took an aggressive stance and cornered Mr. McCarthy, before threatening to break the cell phone in Mr. McCarthy's hand and then striking at Mr. McCarthy.

112. Defendant Smith battered Mr. McCarthy by striking Mr. McCarthy which was an unwelcome touching that harmed Mr. McCarthy physically.

113. Defendant Smith intended to cause Mr. McCarthy bodily harm and/or harmful or offensive contact.

114. Defendant Smith did cause Mr. McCarthy bodily harm and/or harmful or offensive contact when he struck Mr. McCarthy twice after threating to break the cell phone in Mr. McCarthy's hand.

115. Defendant RIPTA neither disciplined Defendant Smith nor did it take any corrective action following the assault to prevent other RIPTA employees from harming Mr. McCarthy.

116. Defendant Smith continued to threaten, intimidate, specifically again assaulting and battering Mr. McCarthy by poking at Mr. McCarthy several times with his finger while Mr. McCarthy exclaimed "don't touch me!" and "get away from me!"

117. As a direct and proximate result of Defendant RIPTA and/or Defendant Smith's acts, Mr. McCarthy suffered damages as set forth herein.

In Providence/Bristol County Superior Court
nitted: 8/15/2018 1:51 PM
lope: 1670293
ewer: Lynn G.

## COUNT V
## ASSAULT AND BATTERY
### (Defendant RIPTA and Defendant J)

118. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

119. Defendant Mr. J assaulted and battered Mr. McCarthy in the course of his employment and for the benefit of Defendant RIPTA.

120. Defendant RIPTA is vicariously liable for the acts and omissions of its employees and agents under the Doctrine of *Respondeat Superior*.

121. Defendant Mr. J intentionally and/or willfully placed Mr. McCarthy in reasonable apprehension of imminent harmful or offensive contact when Defendant J repeatedly shouted threats at Mr. McCarthy and grappled with Mr. McCarthy while attempting to wrench Mr. McCarthy's cell phone out of his hand and then struck Mr. McCarthy in the face when he would not release the phone or stop recording.

122. Defendant Mr. J battered Mr. McCarthy by striking Mr. McCarthy which was an unwelcome touching that harmed Mr. McCarthy physically.

123. Defendant Smith intended to cause Mr. McCarthy bodily harm and/or harmful or offensive contact.

124. Defendant Smith did cause Mr. McCarthy bodily harm and/or harmful or offensive contact when he grappled with Mr. McCarthy and attempted to wrestle Mr. McCarthy's cell phone from his hands before punching Mr. McCarthy in the face when Defendant Smith was unable to seize Mr. McCarthy's phone.

125. As a direct and proximate result of Defendant RIPTA and/or Defendant Smith's acts, Mr. McCarthy suffered damages as set forth herein.

n Providence/Bristol County Superior Court
itted: 8/15/2018 1:51 PM
ope: 1670293
wer: Lynn G.

## COUNT VI
### Negligent Hiring, Training, Supervision, and Retention
### (Defendant RIPTA)

126. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

127. Defendant RIPTA owed Mr. McCarthy a duty of care to hire, train, supervise, and retain competent, properly qualified, and well-performing employees and agents.

128. Defendant RIPTA breached its duty by hiring and retaining employees and agents who were not competent, unqualified, and poor-performing to competently understand the requirements of the ADA and Rhode Island public accommodation laws and provide reasonable accommodations to a disabled individual.

129. Defendant RIPTA breached its duty by failing to train and supervise employees and agents to understand the requirements of the ADA and Rhode Island public accommodation laws and provide reasonable accommodations to a disabled individual.

130. As a direct and proximate result of Defendant RIPTA's breach of its duty, Mr. McCarthy suffered damages as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter judgement against Defendants on all Counts, and for all counts applicable:

A. Declare that the practices detailed in this Complaint are unlawful and order declaratory relief;
B. Order that Defendants reinstate Plaintiff's disability bus pass and remove all impediments and restrictions thereto;
C. Order that Defendants make Plaintiff whole by awarding compensation for economic damages as well as physical injuries sustained by Plaintiff including pain and suffering and other damages that Plaintiff intends to prove at trial;
D. Order that Defendants pay punitive or exemplary damages, as appropriate to punish Defendants for their intentional, malicious, or wanton conduct;
E. Where allowable by law, order that Defendants pay post-judgment and pre-judgment interest, at the statutory judgment rate, for all damages from the date the cause of action accrued;

in Providence/Bristol County Superior Court
iitted: 8/15/2018 1:51 PM
ope: 1670293
iwer: Lynn G.

F. For all applicable Counts, award Plaintiff costs and reasonable attorney's fees resulting from this action;
G. Order injunctive relief as deemed just and proper by this Court;
H. Order, for all Counts, such other relief to Plaintiff as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

*PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Dated: August 15, 2018

Respectfully Submitted,
MATTHEW MCCARTHY,
By his attorney,

/s/ Paige Munro-Delotto
Paige Munro-Delotto, Ph.D., Esq. #9291
MUNRO-DELOTTO LAW, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
(401) 521-4529
(866) 593-9755 (fax)
paige@pmdlawoffices.com

16